UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-1780-MWF (KK) | Date: | March 6, 2018 |
| Title: | *Salvador M. Gonzalez v. Raymond Madden* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed for Failure to Sign the Petition and/or As Untimely

## I.
## INTRODUCTION

On March 2, 2018, Petitioner Salvador M. Gonzalez ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his 2014 conviction and sentence. ECF Docket No. ("Dkt.") 1, Pet. However, the Petition is unsigned and appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed for failure to sign the Petition or as untimely.

## II.
## BACKGROUND

On April 30, 2014, following a jury trial, Petitioner was convicted of five counts of lewd acts on a child, with special findings that he engaged in substantial sexual conduct and committed lewd acts against multiple victims. Pet. at 2; see also People v. Gonzalez, No. 2d CRIM. B256982, 2016 WL 1616572, at *1 (Cal. Ct. App. Apr. 20, 2016), review denied (July 13, 2016).[1]

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

On May 29, 2014, Petitioner was sentenced to a term of five consecutive 15-year-to-life terms. See Pet. at 2; Gonzalez, 2016 WL 1616572, at *1.

On June 5, 2014, Petitioner filed a direct appeal in the California Court of Appeal. Pet. at 2-3; Cal. Courts, Appellate Courts Case Info., Case Summary, http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2080027&doc_no=B256982&request_token=NiIwLSIkXkw8WzBVSCNNVExIUFw6USxTJiM%2BIzJTUCAgCg%3D%3D (last updated Mar. 6, 2018, 10:15 AM). On April 20, 2016, the California Court of Appeal affirmed the conviction. Pet. at 3; Gonzalez, 2016 WL 1616572, at *1.

On May 31, 2016, Petitioner filed a petition for review in the California Supreme Court. Pet. at 3; Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2145346&doc_no=S234857&request_token=NiIwLSIkXkw8WzBVSCNNVExIUFA0UDxTICNeJz9SQCAgCg%3D%3D (last updated Mar. 6, 2018, 10:15 AM). On July 13, 2016, the California Supreme Court denied the petition for review. Pet. at 3; Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2145346&doc_no=S234857&request_token=NiIwLSIkXkw8WzBVSCNNVExIUFA0UDxTICNeJz9SQCAgCg%3D%3D (last updated Mar. 6, 2018, 10:15 AM).

On March 2, 2018, Petitioner filed the instant unsigned Petition in this Court. See Pet.

## III.
## DISCUSSION

### A. THE PETITION IS NOT SIGNED BY PETITIONER AND IS SUBJECT TO DISMISSAL

"The district court may refuse to file, or may dismiss, an unsigned and unverified petition." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing In re Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition), cert. denied, 348 U.S. 955, 75 S. Ct. 445, 99 L. Ed. 746 (1955)). Here, Petitioner did not sign the Petition. Thus, the Petition is subject to dismissal.

### B. THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL

#### 1. The Petition Was Filed After AEDPA's One-Year Limitations Period

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Pet. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on October 11, 2016, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on July 13, 2016. Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, October 12, 2016, and expired on October 12, 2017. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the Petition on March 2, 2018. Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over four months under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

### 2. Statutory Tolling Does Not Render the Petition Timely

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year statute of limitations expired on October 12, 2017. However, Petitioner concedes he has not filed any habeas petitions in the state courts on the claims raised in the Petition. Pet. at 3. Moreover, the Court's review of the California Courts' website reveals Petitioner did not file any habeas petitions in the California Court of Appeal or Supreme Court seeking collateral review after the denial of his petition for review of his direct appeal. Thus, statutory tolling does not render the Petition timely.

### 3. Equitable Tolling Does Not Render The Petition Timely

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner does not appear to identify any reasons entitling him to equitable tolling, and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

## IV.
## ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed by filing written responses as set forth below **no later than March 28, 2018**.

FIRST, Petitioner must address his failure to sign the Petition by filing a signed First Amended Petition. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition.

SECOND, Petitioner must address the apparent untimeliness of the Petition. Petitioner must file a written response explaining why the Petition should not be dismissed as untimely. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice:** Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**